**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES F. SMYTHE, I,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DEPARTMENT OF EDUCATION,**<br><br>**Defendant.** | **Civil Action No. 25-2778 (JEB)** |

**MEMORANDUM OPINION AND ORDER**

According to *pro se* Plaintiff James F. Smythe, I, the U.S. Department of Education has not sufficiently responded to a pair of Freedom of Information Act requests he submitted. In addition, after he purportedly engaged in some unspecified First Amendment activity, officers appeared at his residence to interview him. He thus has sued DOE, alleging a farrago of claims. Defendant now moves to dismiss almost all of the counts. As Smythe responds to very few of DOE's contentions and offers deficient arguments as to the rest, the Court will grant the Motion.

## I. Background

Per his Complaint, which the Court must credit at this stage, Smythe submitted a FOIA request (23-02946) to DOE on September 28, 2023, which was not timely handled. See ECF No. 1 (Compl.), ¶¶ 8–10. He also apparently submitted a second one (24-01624) at an unspecified time, which DOE claimed in June 2024 that it could not process. Id., ¶ 11. "Following Plaintiff's repeated FOIA submissions, public criticisms of agency conduct, and oversight complaints[,] . . . federal officials (Jane Doe) acting in concert with or on behalf of Department [*sic*] dispatched armed law enforcement officers (John Doe) to Plaintiff's residence." Id., ¶ 13. This visit was "intended to intimidate Plaintiff and chill his continued exercise of First

Amendment rights." Id., ¶ 15. Smythe also alleges that he is "a qualified individual with a disability" and that DOE "failed to provide reasonable accommodations, imposed excessive delays, refused to process requests without assistance, and otherwise excluded Plaintiff from equal participation in its programs and activities." Id., ¶¶ 17, 18.

He names the Department and John and Jane Doe, "Department of Education Personnel," as Defendants and lists violations of FOIA (Count I), the Americans with Disabilities Act (Count II), the Rehabilitation Act (Count III), the First Amendment (Count IV), and the Fourth Amendment (Count V). Id., ¶¶ 19–35 & ECF p.6. Defendant now moves to dismiss all counts with the exception of Count I as it relates to the first FOIA request and Count V as it relates to Defendants other than the Department. See ECF No. 11 (MTD).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating a defendant's motion to dismiss, the court must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." Animal Def. Fund v. Vilsack, 111 F.4th 1219, 1223 (D.C. Cir. 2024); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The notice-pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and she must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Twombly, 550 U.S. at 570). The plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. Fed. Trade Comm'n., 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). For a plaintiff to survive a 12(b)(6) motion even if "recovery is very remote and unlikely," moreover, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III. Analysis**

In responding to Defendants' Motion, Plaintiff spends the vast proportion of his briefing on issues related to a separate case he has brought against the Department of Homeland Security and the Court's dismissal of numerous counts there. See generally ECF No. 13 (Pl. Opp.); Smythe v. Dept. of Homeland Sec., No. 25-2780 (D.D.C.). Because he never responds to Defendants' arguments regarding his failure to exhaust his administrative remedies as to his second FOIA request (Count I) or the ADA's inapplicability to the federal government (Count II), the Court will grant Defendants' Motion as to those two claims. See Wannall v. Honeywell, Inc., 775 F.3d 425, 428 (D.C. Cir. 2014) (where party files opposition to motion and does not address certain arguments, court may treat unaddressed arguments as conceded); LCvR 7(b); but see Winston & Strawn, LLP v. McLean, 843 F.3d 503, 507–08 (D.C. Cir. 2016) (cannot do so on motion for summary judgment).

Since the Court must consider facts set out in a *pro se* plaintiff's opposition as well as in his complaint, see Brown v. Whole Foods Market, 789 F.3d 146, 152 (D.C. Cir. 2015), it will

accept as pled that Smythe has the disability of epilepsy for purposes of his Rehabilitation Act count. See Opp. at 22. The difficulty, however, is that he never alleges that DOE knew this. See Waggel v. George Washington Univ., 957 F.3d 1364, 1371 (D.C. Cir. 2020) (holding that to prevail on reasonable-accommodation claim, plaintiff must establish that employer had notice of her disability). In addition, it is unclear what accommodation he was denied in relation to his FOIA request. As a result, Count III also falls.

Count IV is labeled "First Amendment Retaliation (APA Review, 5 U.S.C. § 706(2)(B))." Compl. at ECF p. 10. To the extent that this is an APA claim, Smythe never sets forth what the final agency action was. See Bennett v. Spear, 520 U.S. 154, 177–78 (1997) (explaining requirements for final agency action). To the extent that he is relying on the First Amendment, even assuming that the visit by law enforcement constituted some actionable retaliatory event, Plaintiff never states beyond vague allegations what speech he engaged in that drew the officers to his residence or the temporal relation of the two events. He has thus not sufficiently pled a retaliation claim. See Media Matters for Am. v. Paxton, 138 F.th 563, 584 (D.C. Cir. 2025) (to prevail on retaliation claim, plaintiff must show that "there is a causal link between the exercise of a constitutional right and the adverse action taken against [plaintiff]") (cleaned up).

Finally, it is unclear whether Smythe asserts Count V, entitled "Fourth Amendment Violation (Bivens)," against DOE or just John and Jane Doe. See Compl. at ECF p. 10. If the former, the law is clear that such a claim cannot proceed against an entity. See FDIC v. Meyer, 510 U.S. 471 (1994) (Bivens claim not available against agency of federal government). DOE's Motion to Dismiss as to it alone on this count thus succeeds.

## IV. Conclusion

The Court accordingly ORDERS that:

1. Defendants' [11] Motion to Dismiss is GRANTED;
2. Count I as to FOIA request 24-01624, Counts II-IV, and Count V as to DOE are DISMISSED WITHOUT PREJUDICE;
3. The parties shall confer and submit a Joint Status Report regarding what remains by October 23, 2026; and
4. Plaintiff's assorted [14, 15, 17] other Motions are DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 9, 2026